## 13039.  HESTER v. THE STATE.

1. When considered in connection with the remainder of the charge of the court and in the light of the evidence, the instructions as to the effect of a person's knowledge that a still is on his premises were not erroneous.

2. The court properly refused to give to the jury the requested instructions set out in grounds 2, 3, and 4 of the amendment to the motion for a new trial. So far as legal and pertinent, these requests were covered by the charge given.
3. The verdict being supported by sufficient evidence, and being approved by the judge who presided at the trial, this court will not interfere with it.

DECIDED JANUARY 18, 1922.

Indictment for violating liquor law; from Lincoln superior court — Judge Shurley. September 23, 1921.

*Norman & Norman,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. Only the first headnote needs elaboration. The indictment charges that the accused did " unlawfully and knowingly permit and allow and did have and possess and locate on his premises apparatus for the distilling and manufacturing of spirituous, vinous, malted, fermented, and intoxicating liquors and prohibited liquors and beverages." The record shows that the accused owned and lived on certain land, and one of the witnesses swore: " I found a still on land of which he (the accused) was in possession. He admitted to me that this stuff was located on his premises." Other witnesses swore that they were present when a distillery was found on the place of the defendant. The evidence showed that it " was a copper still of about fifty-gallon capacity; " that " it was put up on a brick furnace; " that when found " the still was in operation," and " liquor was running out of it," that at the still there were " 1200 or 1500 gallons of mash," and that " they had made many gallons of liquor there, from the looks of things." A witness swore also: " I saw a pump down about the still. There was a little gasoline engine pump within about thirty yards of the furnace. He (the accused) said that engine and pump was his. That pipe run up to his cow lot about half way to where he lived. But it was not in use at that time. Mr. Hester was in possession of these premises there." It also appears from the record that at the time of the raid the accused was drinking and had whisky in his possession.

When all the facts of the case are considered, the court did not err in charging the jury as follows: " In this connection I charge you that if a person shall know that a still is on his premises, and he does not undertake to have that still removed, and it

remains on his premises, it does not require his express consent for it to be there. His consent will be implied if he knows it and doesn't object to it; and it would be your duty, if such is the fact, to find the defendant guilty."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*